IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Mwasokwa,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Alberto Gonzales,<br><br>　　　　　Respondent. | No. CV 06-0238-PHX-SMM (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE:

On January 19, 2006, Petitioner Peter Mwasokwa filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials were holding him in detention pending his removal from the United States, but that his removal cannot be effected. Doc. #1. Petitioner seeks an immediate release from custody on the grounds that his indefinite detention is not authorized by law because there is no prospect that he will be removed in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months). The District Court reviewed the petition and directed Respondent to file an answer. Doc. #4.

1       On April 3, 2006, Respondent filed a Response in Opposition to Petition for Writ of Habeas Corpus. Doc. #9. Respondent's evidence shows that Petitioner is a native and citizen of Tanzania, who was admitted into the United States on September 5, 2000, in New York City as a non-immigrant visitor for pleasure with authorization to remain in the United States until no later than March 4, 2001. An immigration judge later ordered Petitioner to be removed after he remained in the United States beyond the authorized time period. Petitioner failed to report for his removal but came into the custody of the Department of Homeland Security (DHS) on May 27, 2005. Respondent reports that on March 20, 2006, the State Department became involved in the efforts to obtain travel documents to effect Petitioner's removal. Respondent states that Petitioner's file was to be reviewed by the State Department on April 4, 2006.

      On November 27, 2006, Respondent filed a "Suggestion of Mootness" in which he contends that DHS released Petitioner on an Order of Supervision back on April 6, 2006. In the filing, Respondent provides documentation establishing that Petitioner was released from custody on that date. In addition, Respondent states that a copy of the Order of Supervision has been requested and will be filed with the court upon receipt. Because Respondent's evidence demonstrates that Petitioner has obtained the relief that he sought in his petition, this action is moot. The court will therefore recommend that the Petition for Writ of Habeas Corpus be dismissed.

///
///
///
///
///
///
///
///

**IT IS THEREFORE RECOMMENDED:**

That Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be **DISMISSED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 29th day of November, 2006.

_____
Edward C. Voss
United States Magistrate Judge